**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LOUIS R. HUSBAND,**

      **Plaintiff,**

    **v.**
                  **Civil Action 2:23-cv-3053**
                  **Judge James L. Graham**
                  **Magistrate Judge Chelsey M. Vascura**

**DANIEL LANE,** *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Louis R. Husband, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against several employees of the Warren Correctional Institution ("WCI") under 42 U.S.C. § 1983 for violation of his constitutional rights arising out of successive discipline imposed for the same contraband infraction. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be

granted, and the undersigned further **RECOMMENDS** that the Court **DISMISS** Plaintiff's state law claims without prejudice to re-filing in state court.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $74.23 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number 518-177) at WCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

2

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Plaintiff also moves for the appointment of counsel. (ECF No. 3.) Even when parties proceed *in forma pauperis*, appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture. Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious; [or]
>>
>> (ii) fails to state a claim on which relief may be granted. . . .

3

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.      ANALYSIS

Plaintiff alleges that on September 22, 2022, his cell was searched and a cell phone was retrieved. Although Plaintiff's cellmate admitted to owning the phone, Plaintiff was issued a conduct report for possessing contraband. The Rules Infraction Board ("RIB") found Plaintiff guilty and sentenced him to 120 days in segregated housing (although he was released from segregated housing on October 28, 2022, after serving only 30 days), with sanctions including 365 days' visitation restriction, 180 days' commissary restriction, 180 days' food package restrictions, and 180 days' clothing/hygiene package restriction. Plaintiff appealed the RIB's decision to legal services, which overturned the decision on November 4, 2022. (Compl. ¶¶ 1–5, ECF No. 1-1.)

Ten days later, Plaintiff received another conduct report for possessing contraband—specifically, for possessing the same cell phone underlying his September 22, 2022 conduct report. Plaintiff asked the prison's investigator why Plaintiff had received a second conduct report for the same cell phone, and the investigator responded, "Well, I can't just let you get away with it. I have to get you with something." Plaintiff informed the investigator that this

second conduct report raised double jeopardy issues, but the investigator stated that he had been advised by legal counsel to proceed with the second conduct report. Plaintiff was again found guilty by the RIB and was sentenced to serve another 30 days in segregated housing (although he was released from segregated housing after serving only 29 days), along with the same visitation, commissary, food package, and clothing/hygiene package (though the duration for these restrictions was half the duration imposed for the previous contraband infraction). Plaintiff again appealed the RIB's decision to legal services, but never received a decision on his appeal. (Compl. ¶¶ 6–12.)

Plaintiff alleges that the actions of various WCI employees violated his Fifth Amendment rights under the Double Jeopardy Clause, his Fourteenth Amendment rights to due process and equal protection of the laws, his Eighth Amendment right to be free of cruel and unusual punishment, and his rights under the Ohio Constitution. (Compl., ECF No. 1-1, PAGEID #20.) Plaintiff also alleges a conspiracy among Defendants to deprive him of his constitutional rights under 42 U.S.C. § 1985(3). *Id.* As explained below, Plaintiff's Complaint fails to state any federal claim upon which relief may be granted.

## A.     Double Jeopardy

The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *United States v. Beaty,* 147 F.3d 522, 524 (6th Cir.1998) (quoting *Department of Revenue of Mont. v. Kurth Ranch,* 511 U.S. 767, n. 1 (1994)). But the United States Supreme Court has explained that "the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment." *Hudson v. United States,* 522 U.S. 93, 98–99

6

(1997) (cleaned up). Rather, "[t]he Clause protects only against the imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Id.* at 99 (internal citations omitted) (emphasis in original). Specifically, the United States Court of Appeals for the Sixth Circuit has held that prison disciplinary proceedings do not implicate the Double Jeopardy clause. *See United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) ("The Double Jeopardy Clause was not intended to inhibit prison discipline."). Accordingly, because Plaintiff's claim under the Double Jeopardy Clause arises only out of prison discipline, it is **RECOMMENDED** that Plaintiff's double jeopardy claim be **DISMISSED**.

**B.     Due Process**

Plaintiff has also failed to plausibly allege a due process claim. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged that his assignment to segregated housing or the other imposed restrictions amounted to a deprivation of a constitutionally protected interest. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey*, 420 F.3d at 577 (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429

7

U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause). Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest. *See Cook v. Davis*, No. 1:19-CV-624, 2019 WL 4564741, at *4 (S.D. Ohio Sept. 20, 2019); *Wheeler v. Pickaway Corr. Inst.*, No. 2:19-CV-3512, 2019 WL 4744781, at *4 (S.D. Ohio Sept. 30, 2019); *Hairston v. Smith*, No. 2:18-CV-826, 2018 WL 4599905, at *4 (S.D. Ohio Sept. 25, 2018), *report and recommendation adopted*, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018). Here, Plaintiff has not alleged that his placement in segregated housing or the imposition of other restrictions resulted in any atypical and significant hardship in relation to the ordinary incidents of prison life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim be **DISMISSED.**

C.      **Cruel and Unusual Punishment**

Similarly, placement in segregated housing or a change in security classification is insufficient to constitute an Eighth Amendment violation. "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived of the minimal civilized measure of life's necessities." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (cleaned up). "Alleging that prison conditions are restrictive and even harsh does not suffice because such conditions are part of the penalty that criminal offenders pay for their offenses against society."

8

*Id.* (cleaned up); *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). It follows that, "[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003). Accordingly, "[t]he mere fact that [Plaintiff] was placed in detention, with nothing more, is insufficient to state an Eighth Amendment claim." *Id.* Because Plaintiff has not pleaded any injury beyond placement in segregated housing and other security restrictions, it is **RECOMMENDED** that Plaintiff's Eighth Amendment claim be **DISMISSED**.

### D.    Equal Protection

Plaintiff's equal protection claim also lacks merit. To state an equal protection claim, a prisoner must allege sufficient facts to raise a plausible inference "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990) (cleaned up), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017); *see also Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255–56 (1995)). Alternatively, Plaintiff may state a "class-of-one" equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009)

(quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff's allegations do not demonstrate differential treatment from those similarly situated. In fact, the only allegations related to Plaintiff's equal protection claim are his cursory references to the Equal Protection Clause itself. As set forth above, such "naked assertion[s] devoid of further factual enhancement" are insufficient to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Accordingly, it is **RECOMMENDED** that Plaintiff's equal protection claim be **DISMISSED**.

**E.    Conspiracy**

Plaintiff's Complaint fails to state a claim for conspiracy under 42 U.S.C. § 1985(3). To prove a claim under §1985(3), a plaintiff must demonstrate the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) and *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828–29 (1983)). Additionally, to demonstrate intent, a plaintiff must show that there is "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Here, Plaintiff's allegations of conspiracy are wholly conclusory, and he makes no allegation that Defendants' conduct was motivated by racial or otherwise class-based discriminatory animus. *See, e.g., Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284, 288–89 (6th Cir. 2018) (finding plaintiffs failed to state a claim under §1985(3) where they "made only conclusory allegations to support their claim of illegal, discriminatory conduct, and made no allegations of a shared plan or agreement"); *Radvansky*, 395 F.3d at 314 (affirming district

10

court's summary judgment ruling where plaintiff failed to demonstrate either a conspiracy or invidiously discriminatory animus). Accordingly, it is **RECOMMENDED** that Plaintiff's conspiracy claim be **DISMISSED**.

**F.     State-Law Claims**

The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims arising under the Ohio Constitution. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations pertaining to the Ohio Constitution fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims concerning the Ohio Constitution pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states or that the amount in controversy exceeds $75,000. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude

11

that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it **DISMISS** any such claims without prejudice to filing in state court.

### III.    DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**. It is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). It is further **RECOMMENDED** that that the Court decline to exercise jurisdiction over Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

### **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE